# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2017

Lyle W. Cayce
Clerk

————

No. 15-60409

————

KENIA YAKELIN GALEANO REYES; JAIR ALEJANDRO GALEANO REYES,

      Petitioners

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

      Respondent

———————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA A202 132 814

———————————

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

     Kenia Yakelin Galeano Reyes ("Galeano Reyes") and her two year-old son, Jair Alejandro Galeano Reyes, petition the court for review of an order of the Board of Immigration Appeals ("BIA") denying their asylum applications.[1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Jair Alejandro is listed as a derivative beneficiary of his mother's asylum application, and his counsel indicated to the BIA that Jair Alejandro was only a derivative beneficiary. *See* 8 U.S.C. § 1158(b)(3)(A) ("A spouse or child . . . of an alien who is granted asylum under this subsection may . . . be granted the same status as the alien if accompanying . . . such alien."). Jair Alejandro does not challenge the BIA's determination that he is only a derivative beneficiary of his mother's asylum application. Accordingly, this opinion discusses only Jair Alejandro's mother when analyzing the merits of petitioners' asylum applications.

No. 15-60409

They claimed asylum based on both Galeano Reyes's past physical abuse from her father and threats to Galeano Reyes from her brother's gang after she turned him in for sexually assaulting his daughter, claiming that such persecution was due to membership in a particular social group—"Honduran children lacking effective familial protection in Honduras." Because substantial evidence supports the BIA's determination that Galeano Reyes failed to show a nexus between the alleged persecution and her membership in the proposed particular social group, we DENY the petition.

## I. Background

Galeano Reyes and her son, both natives and citizens of Honduras, arrived at the Hidalgo, Texas, port of entry and applied for admission to the United States. The Department of Homeland Security ("DHS") subsequently instituted removal proceedings against Galeano Reyes and her son via notices to appear, charging them with attempting to enter the United States without valid entry documents.

Galeano Reyes filed an I-589 application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Her application claimed that she belonged to a particular social group defined as "Honduran children lacking effective familial protection in Honduras," and that she was afraid of her father and brother because of a report she had made to the police about her brother sexually abusing his daughter. The application also listed her son as a derivative beneficiary of her asylum application, and a separate I-589 application for asylum, withholding of removal, and CAT relief was filed on his behalf.

The immigration judge ("IJ") held a removal hearing where Galeano Reyes testified about her circumstances. She explained that she fled to the United States because in March 2014, shortly after reporting her brother to the police for sexually assaulting his daughter, she started receiving threats

2

from members of her brother's gang, the 18th Street Gang. After a particularly threatening episode, she (together with her niece and other family members) left Honduras for the United States. Her brother was subsequently released from prison because the only witnesses to her brother's crime, Galeano Reyes and her niece, were no longer available to testify.

Galeano Reyes also testified that she was physically abused on a regular basis by her father until she was thirteen and her parents separated. Her parents subsequently reunited after Galeano Reyes reported her brother's sexual assault, but by this time Galeano Reyes was twenty-four years of age and thus no longer a child. She further testified that she is no longer afraid that her father might physically hurt her. However, she believes that her father does not care what happens to her and will let her brother know where she is if she is ever sent back to Honduras.

The IJ denied Galeano Reyes's asylum application and ordered her and her son removed to Honduras. Galeano Reyes subsequently appealed to the BIA. The BIA held that "Honduran children lacking effective familial protection in Honduras" was not a viable particular social group because "being young and without an effective protector [were] not immutable characteristics." As an example of such mutability, the BIA observed that Galeano Reyes, now twenty-six years of age, no longer qualified for the particular social group she advocated. Furthermore, because she did not belong to the proposed particular social group, the BIA also determined that, even if the social group were viable, Galeano Reyes failed to establish that the alleged persecution was on account of her membership in that particular social group. The BIA finally determined that Galeano Reyes failed to establish that Honduran authorities were unwilling or unable to control her alleged persecutors because the evidence showed that the government arrested her brother and then released him only because the witnesses to his crime were

not available to testify against him.  Accordingly, the BIA concluded that Galeano Reyes failed to meet her burden of proof with respect to her asylum application and dismissed her appeal.  Galeano Reyes filed a timely petition for review.

## II.  Standard of Review

This court reviews the order of the BIA and will consider the underlying decision of the IJ only if it had some impact upon the BIA's decision.  *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012).  The court "may usually only affirm the BIA on the basis of its stated rationale."  *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010).  The BIA's findings of fact are reviewed "under the substantial evidence standard, which requires that the decision of the BIA be based on the evidence presented and that the decision be substantially reasonable."  *Id.* at 517–18.  "Under the substantial evidence standard, reversal is improper unless the court decides 'not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it.'"  *Id.* at 518 (quoting *Chen v. Gonzales,* 470 F.3d 1131, 1134 (5th Cir. 2006)).  That the evidence could support more than one inference "does not prevent an administrative agency's finding from being supported by substantial evidence."  *Arif v. Mukasey*, 509 F.3d 677, 679 (5th Cir. 2007) (per curiam) (quoting *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 620 (1966)).

## III.  Discussion

The Attorney General has the discretion to grant asylum to refugees.  8 U.S.C. § 1158(b)(1); *Jukic v. I.N.S.*, 40 F.3d 747, 749 (5th Cir. 1994).  A refugee is a person who is outside of her country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A); *Orellana-Monson*, 685 F.3d at 518.  "The alien carries the burden to establish a nexus between the

persecution and one of the five statutory grounds for asylum." *Tamara-Gomez v. Gonzales,* 447 F.3d 343, 349 (5th Cir. 2006).

Galeano Reyes challenges the BIA's determinations that she failed to establish (1) that "Honduran children lacking effective familial protection in Honduras" is a viable particular social group; (2) a nexus between the alleged persecution and membership in her proposed particular social group; and (3) that Honduras is unable or unwilling to protect her from persecution by the gang members and her brother.  Because we conclude that there is substantial evidence to support the BIA's determination that Galeano Reyes failed to establish a nexus between the alleged persecution and her membership in the proposed particular social group, we do not consider the BIA's two additional reasons for denying Galeano Reyes's asylum application.

To establish a nexus between persecution and a particular social group, the asylum applicant must establish that "membership in a particular social group . . . was or will be at least one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i).  Whether an asylum applicant has demonstrated the requisite nexus is a factual question reviewed under the substantial evidence standard.  *Thuri v. Ashcroft,* 380 F.3d 788, 791 (5th Cir. 2004) (per curiam).

The BIA determined that Galeano Reyes failed to establish that membership in a particular social group was a central reason for the alleged persecution.  It gave two reasons for this conclusion.  First, Galeano Reyes's only proposed social group, "Honduran children lacking effective familial protection in Honduras," did not constitute a viable particular social group. Second, even if her proposed social group were a viable particular social group, Galeano Reyes is an adult and thus not a member of a group consisting of "Honduran children."  We conclude that substantial evidence supports the second reason, so we do not reach the first one.

No. 15-60409

As an initial matter, Galeano Reyes waived the issue relating to past abuse of her father because it was not briefed on appeal. *Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). Galeano Reyes refers to testimony from the removal hearing about past abuse from her father, but she never argues this as a reason she is entitled to asylum status. Instead, she asks the court to "indicate that [her] group membership furnishes a central reason for the past persecutory acts (and the feared future persecutory acts) by [her] brother and his gang-member accomplices." Accordingly, this issue is waived.

As to the issue Galeano Reyes did brief relating to threats from gang members, she contends that the BIA erred in determining that she does not belong to her proposed particular social group.[2] She makes two arguments: (1) she continues to be targeted despite getting older and (2) her vulnerable kinship ties to her brother form a central reason for her persecution. Both arguments miss the mark.

The first argument erroneously assumes that Galeano Reyes was initially in the group when the persecution began but has since aged out of the group. But the evidence shows that she was twenty-four years old when she reported her brother's crime and started receiving threats from gang members. That is to say, Galeano Reyes was no longer a Honduran child when the persecution began and thus was not a member of the proposed particular social group at that time. Her citation to a Seventh Circuit case involving the definition of a "young woman" is inapposite because under no definition would a twenty-four year old be a child. *See Cece v. Holder*, 733 F.3d 662, 673 (7th Cir. 2013) (en banc). Accordingly, even assuming the proposed particular

---

[2] Galeano Reyes also asserts that her son is part of the proposed particular social group, but as discussed *supra* in note 1, her son is a derivative beneficiary of her asylum application. Thus, Galeano Reyes's eligibility for asylum is dispositive—i.e., her son's eligibility depends on her grant of asylum. *See* 8 U.S.C. § 1158(b)(3)(A) ("A spouse or child . . . of an alien who is granted asylum under this subsection may . . . be granted the same status as the alien if accompanying . . . such alien.").

social group is viable, there is substantial evidence to support the BIA's conclusion that Galeano Reyes was not persecuted on account of her membership in that group.

Galeano Reyes's second argument, that she was persecuted because of kinship ties to her brother, is an improper attempt to assert a reason for persecution that was not first raised before the BIA. Failure to raise an argument before the BIA constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to consider the argument. *Rui Yang v. Holder*, 664 F.3d 580, 588 (5th Cir. 2011). The only reason Galeano Reyes presented before the BIA for her persecution was membership in a group defined as "Honduran children lacking effective familial protection in Honduras." This group does not contemplate persecution based on the presence of kinship ties, but instead contemplates persecution due to the absence of effective protection from whatever kinship ties may exist. Because Galeano Reyes did not raise this issue before the BIA, this court lacks jurisdiction to consider it.[3] *See id.*

DENIED.

---

[3] Galeano Reyes cites *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), to argue that the exhaustion doctrine is inapplicable here because all of her arguments are a subset of issues addressed by the BIA. Although an administrative agency was a defendant in *Citizens United*, the case did not involve a petition for review of an administrative agency's adjudication, and thus has no bearing on the exhaustion doctrine. *See* 558 U.S. at 321 (explaining that Citizens United sought declaratory and injunctive relief in federal court).